UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:25-cv-02680-AB-AGR | Date: | June 25, 2025 |
|---|---|---|---|

| Title: | *Luis F. Rosiles v. Nissan North America, Inc.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] ORDER <u>GRANTING</u> PLAINTIFF'S MOTION FOR REMAND [Dkt. No. 16]

Before the Court is Plaintiff Luis F. Rosiles' ("Plaintiff") Motion for Remand ("Mot.," Dkt. No. 16). Defendant Nissan North America ("Defendant") filed an Opposition ("Opp'n," Dkt. No. 20), and Plaintiff filed a Reply ("Reply," Dkt. No. 21). The Court found this matter appropriate for decision without oral argument and vacated the hearing set for May 30, 2025. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, Plaintiff's Motion is **<u>GRANTED</u>**.

**I.   BACKGROUND**

Plaintiff filed suit against Defendant in the Superior Court of California for the County of Los Angeles. Dkt. No. 1, Notice of Removal ("NOR"), Exhibit A, Summons and Complaint ("Compl."). Plaintiff's Complaint alleges claims for breach of express and implied warranties arising out of his purchase of a 2020 Nissan Kicks ("Subject Vehicle"). *See generally*, Compl. Plaintiff alleges actual and statutory damages, $38,853.92 in actual damages arising from Plaintiff's purchase contract and a request for the maximum civil penalties under the Song-

Beverly Consumer Warranty Act in the amount of two times Plaintiff's actual damages. Compl. ¶¶ 8, 33.

On March 27, 2025, Defendant filed a Notice of Removal from the Los Angeles Superior Court to this Court, alleging diversity jurisdiction. NOR at 4. On April 24, 2025, Plaintiff filed its Motion for Remand, insisting that Defendant's removal was untimely because Defendant failed to remove the case within the statutory 30-day window despite removability being "clear and ascertainable from the face of Plaintiff's…Complaint." Mot. at 1. Specifically, Plaintiff served a copy of the Complaint to the Defendant on April 18, 2024. Mot. at 3. When factoring in Defendant's Notice of Removal date of March 27, 2025, Defendant removed the case 314 days after the 30-day deadline date for removal of May 18, 2024. Mot. at 4. However, Defendant argues that Plaintiff's amount in controversy stated in the Complaint failed to exclude "at least $1,941.20 in mileage offsets, and $5,000.00 in purchase options," making the amount in controversy indeterminate on the face of the Complaint. Opp'n at 2. Defendant contests that, because the initial pleadings were indeterminate, Defendant was allowed to conduct its own investigation into the alleged damages and remove the action at any time before the one-year mark of the action's commencement. Opp'n at 9. Thus, Defendants removal was timely. Opp'n at 2.

*Arguendo*, Plaintiff contends that, even if the Complaint was indeterminate regarding the amount in controversy, he served Defendant with a supplemental Case Management Conference Statement ("CMS"), which explicitly stated actual damages and civil penalties "in excess of $116,561.76." Mot. at 3-4. As such, Plaintiff argues Defendant's receipt of Plaintiff's CMS on November 11, 2024, would have started the statutory 30-day period for removal, making Defendant's removal date of March 27, 2025, untimely. Mot. at 4. In response, Defendant argues that the amounts listed in the CMS were indeterminate on its face, and therefore its removal on March 27, 2025, was timely. Opp'n at 2.

## II.   LEGAL STANDARD

### A.   Removal

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. Under 28 U.S.C. § 1332, a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different

states." Section 1332 requires complete diversity, *i.e.*, that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996). Section 1441 limits removal to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(a)(b)(2). Removal statutes are "strictly construe[d] against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id*. Accordingly, the removing party bears a heavy burden of establishing original jurisdiction in the district court. *Id*.

### B.     Timeliness of Removal

"[S]ection 1446(b) [of Title 28 of the U.S. Code] identifies two [30]-day periods for removing a case." *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 885 (9th Cir. 2010). Where the complaint's removability is clear from the face of the "initial pleading," the first 30-day removal period is triggered. *Id.*; *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first [30]-day clock under § 1446(b) to begin." (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005))). Where the initial pleading does not reveal a basis for removal, a defendant has 30 days from the date it receives " 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 693 (quoting 28 U.S.C. § 1446(b)). If indeterminate, a defendant claiming diversity jurisdiction has one year from the commencement of the action to remove the case. 28 U.S.C. 1446(c)(1).

### III.     DISCUSSION

### A. The Amount in Controversy Was Apparent on the Face of Plaintiff's Complaint.

Plaintiff's Complaint, filed in state court, alleges claims under the Song-Beverly Consumer Warranty Act, Cal. Civil Code § 1791 *et seq*., arising out of his purchase of the Subject Vehicle and further alleges both a $38,853.92 actual damages figure derived from Plaintiff's purchase contract, as well as maximum civil penalties under Section 1794(c) in the amount of two times Plaintiff's actual damages under the Act. Mot., Exhibit 1, Declaration of Roy Enav at ¶ 4 ("Enav Decl."). Defendant removed the action based on diversity jurisdiction. NOR at 4.

Plaintiff now moves to remand on the ground that Defendant's removal was untimely under 28 U.S.C. § 1446(b). *See generally*, Mot.

The Court concludes that the amount in controversy was apparent on the face of Plaintiff's Complaint. Plaintiff's Complaint alleges that the total damages for the amount in controversy includes the actual damages of $38,853.92 as reflected in the Subject Vehicle's sales contract plus civil penalties in the amount of two times Plaintiff's actual damages: $77,707.84. Compl. ¶¶ 8, 33. This results in a total damage amount of $116,561.71[1], which exceeds the sum or value of $75,000 and satisfies the amount in controversy requirement for diversity jurisdiction.[2]

Defendant concedes that the amount in controversy is met in the amount of $75,531.80. Opp'n. at 7. Defendant alleges that the actual damages at issue are approximately $30,212.72, excluding $5,000 in purchase options and $1,941.20 in mileage offsets from Plaintiff's actual damage amount of $38,853.92. Opp'n at 6-7. However, it is unclear how Defendant reached their actual damage amount since $38,853.92 less the $5,000 purchase options and $1,941.20 mileage offset totals to $31,912.72. Additionally, Defendant adds a 1.5 times civil penalty to the $30,212.72 amount, totaling $75,531.80. Mot. at 7. But, using the $31,912.72 amount as indicated above for the 1.5 times civil penalty, Defendant's total amount in controversy is $79,781.80. Regardless, either number exceeds the amount in controversy requirement for diversity jurisdiction.

Based on the foregoing, the amount in controversy, excluding attorney fees, is approximately $79,781.80—$116,561.71 in Song-Beverly damages. The Court therefore concludes that the amount in controversy apparent on the face of Plaintiff's Complaint exceeded $75,000 at the time the Complaint was filed.

### B. Defendant's Removal Was Untimely.

---

[1] This total does not take into consideration any offsets that would reduce the damages, as referenced in Defendant's Opposition to Plaintiff's Motion to Remand. Opp'n at 2.

[2] Additionally, Plaintiff estimates $20,000 in attorney's fees and costs. Mot., Ex. 1, Enav Decl. ¶ 13. At this time, the attorney's fees are too speculative to plausibly allege damages, but this point is moot as the amount in controversy is met by actual damages and civil penalties alone.

Because the Court finds that the amount in controversy was apparent on the face of Plaintiff's Complaint, Defendant's removal was untimely. "When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking." *Harris*, 425 F.3d at 693 (quoting 28 U.S.C. § 1446(b)). While parties "need not make extrapolations or engage in guesswork," defendants seeking to remove a case must "apply a reasonable amount of intelligence in ascertaining removability." *Id*. at 1140 (internal quotations omitted). Multiplying figures clearly stated in a complaint is part of that duty. *Id*.

Here, as discussed above, the jurisdictional amount in controversy is facially evident from the Complaint. Plaintiff requests $116,561.71 in Song-Beverly Damages, an amount greater than the $75,000 amount in controversy requirement. Mot. at 7.  Paragraph 8 of the Complaint alleges: "The Subject Vehicle, as reflected in the sales contract, has an approximate value of $38,853.92." Compl. ¶ 8. Further, Paragraph 33 alleges: "Because Defendant willfully violated the Song-Beverly Act, Plaintiff is entitled, in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages for NISSAN NORTH AMERICA, INC.'s willful failure to comply with its responsibilities under the Act." Compl. ¶ 33. Two times Plaintiff's $38,853.92 actual damages is $77,707.84. $38,853.92 and $77,707.84 sum to $116,561.71.

Despite this, Defendant argues that Plaintiff's Complaint was "indeterminate" on its face with respect to the amount in controversy because the Complaint did not "describe [Plaintiff's] actual complete damages." Opp'n at 8. Defendant alleges that Plaintiff's actual damage amount of $38,853.92 excluded $5,000 in purchase options and $1,941.20 in mileage offsets. Opp'n at 2.

The Court disagrees. Plaintiff's actual damages not being "complete" within the Complaint does not mean the Complaint was "indeterminate" on its face. Opp'n at 8-9. In *Bernstein v. BMW of N. Am., LLC*, the plaintiff alleged in the complaint that the amount in controversy exceeds $25,000. 2018 WL 2210683, at *2 (N.D. Cal. May 15, 2018). There, the court found the amount in controversy was satisfied on the face of the pleadings because plaintiff asked for "incidental, consequential, exemplary, and actual damages, plus attorneys' fees and costs," with the exemplary damages including civil penalties up to "two times the amount of [p]laintiff's actual damages." *Id*. Because of this, the *Bernstein* court reasoned that the plaintiff's complaint appeared to a "legal certainty" that the plaintiff could "actually recover" the amount sought, thus satisfying the amount in controversy requirement. *Id*.; *see also Solarte v. Nissan N. Am., Inc.*, 2023 WL 4624986, at *2-4 (C.D. Cal. July 19, 2023) (holding that it is "clear from the face of the

[c]omplaint" that the amount in controversy is met when the defendant argued that the complaint was "silent as to the amount in controversy" because the document alleged that the actual damages exceeded $25,000.00 and the Prayer for Relief stated " 'a civil penalty' of up to 'two times actual damages.'") So too here, the Complaint listed the actual damages alleged, $38,853.92, and civil penalties in the amount of up to two times Plaintiff's actual damages. Compl. ¶¶ 8, 33.

Further, Plaintiff's Prayer for Relief requests, "1. For general, special, and actual damages according to proof at trial; 2. For rescission of the purchase contract and restitution of all monies expended; 3. For diminution in value; 4. For incidental and consequential damages according to proof at trial; 5. For civil penalty in the amount of two times Plaintiff's actual damages; 6. For prejudgment interest at the legal rate; 7. For reasonable attorney's fees and costs of suit…" Compl. at 9. Even if Defendant had missed the damages alleged earlier in the Complaint, the Prayer for Relief placed Defendant on notice of the damages sought. Again, in sum, Plaintiff's Complaint holds sufficient information on its face to give the Defendant notice that the amount in controversy is met and that the 30-day tolling for removal has started.

Even further, Plaintiff served Defendant with a CMS on November 11, 2024, stating, "[d]ue to Defendants' willful failure to repurchase or replace the Subject Vehicle, Plaintiff's restitution damages, which are still being incurred and are subject to change, are in excess of $116,561.76." Case Mgmt. Statement ("CMS") at 7. As stated above, the thirty-day period for removal begins to run when defendant receives a copy of a pleading or "other paper" from which it can determine that the case is removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006). A Case Management Conference Statement is generally considered an "other paper" that may reset the removal clock. *See Kuxhausen*, 707 F.3d at 1142. Because the amount listed in the CMS exceeds the $75,000 amount in controversy requirement, Defendant's March 27, 2025 removal was untimely.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Remand is **GRANTED**.

**IT IS SO ORDERED**.